IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MARTHA FAYE CLARK**                                                        **PLAINTIFF**

V.                                                     **CIVIL ACTION NO. 3:21-cv-001-NBB-JMV**

**CROWN CORK AND SEAL**                                            **DEFENDANT**

**MEMORANDUM OPINION**

This cause comes before the court upon the motion to dismiss filed by defendant Crown Cork and Seal USA, Inc.[1] Upon due consideration of the motion, response, and applicable authority, the court is ready to rule.

The plaintiff, Martha Faye Clark, proceeding *pro se*, brings claims against the defendant, her former employer, for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). The plaintiff filed her charge with the Equal Employment Opportunity Commission ("EEOC") and was issued a right to sue letter on September 21, 2020. Applying a 3-day mailing presumption,[2] the court finds that the plaintiff's complaint should have been filed by December 23, 2020, to meet the 90-day deadline for filing a complaint after issuance of an EEOC right to sue letter imposed by both Title VII and the ADA. *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII). The ADA, 42 U.S.C. §§ 12101 *et seq.*, has adopted the same enforcement mechanisms as Title VII, including the 90-day filing window. *See Wright v. Arlington Indep. Sch. Dist.*, 834 F. App'x 897, 901 (5th Cir. 2020).

The plaintiff did not file her complaint until January 4, 2021, which was outside the 90-day filing window. The courts "strictly construe a plaintiff's requirement to file suit within 90

---

[1] The defendant is incorrectly identified as "Crown Cork and Seal" in the complaint.
[2] *See* Fed. R. Civ. P. 6(d).

days after receiving the EEOC's letter." *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 380 (5th Cir. 2002)).

The plaintiff's response indicates she knew as early as December 15, 2021, by letter issued from the clerk of court, that she had not properly filed her case. The clerk's letter to the plaintiff clearly states, in bold lettering: "**Please note that your case cannot be opened without a completed *Civil Cover Sheet* and either the $402 filing fee or completed *Application to Proceed in District Court without Prepaying Fees or Costs.***" The plaintiff contends that she believed by submitting her Notice of Right to Sue to the clerk of court, she tolled the 90-day deadline. The plaintiff's attempt to rely on the clerk's letter is misplaced, however, as it clearly states that she did not accomplish the filing of her claim. Further, "ignorance of legal rights, or failure to seek legal advice, does not toll the statute of limitations." *Quina v. Owens-Corning Fiberglas Corp.*, 575 F.2d 1115, 1118 (5th Cir. 1978). Accordingly, the plaintiff's complaint is time-barred and should be dismissed.

For the foregoing reasons, the court finds that the defendant's motion to dismiss is well taken and should be granted. A separate order in accordance with this opinion will issue this day.

This 27th day of September, 2021.

    /s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE